IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | EP-10-CR-213-PRM |
| JUAN ANTONIO CEDILLO-MERCADO, Defendant. | § § § § | |

<u>MEMORANDUM OPINION</u>

On April 28, 2010, at a sentencing hearing in the above-captioned cause, the Court calculated Defendant Juan Antonio Cedillo-Mercado's (Defendant) sentencing range under the United States Sentencing Guidelines and included in that calculation a sixteen-level enhancement of the offense level in light of a prior conviction for a crime of violence. In writing and at the hearing, Defendant objected to the sixteen-level enhancement. The instant memorandum sets forth the Court's analysis in denying the objection.

I. FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2010, a grand jury returned a two-count indictment against Defendant, charging him with attempted illegal reentry in violation of 8 U.S.C. § 1326 and false personation in immigration matters in violation of 18 U.S.C. § 1546(a). Docket No. 8 (Indictment). On February 26, 2010, Defendant entered a plea of guilty before a United States Magistrate Judge as to both counts. On March 4, 2010, the Court accepted the plea. Docket No. 20. On April 28, 2010, the Court held a sentencing hearing in this matter.

The Pre-Sentence Investigation Report from U.S. Probation reflected a sixteen-level enhancement to the offense level for a crime of violence, to which Defendant objected in writing

1

and on the record at the hearing. Defendant argued that he should not receive the enhancement pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2L1.2(b)(1)(A)(ii) (2009) because his Oregon conviction for Assault II in 1990 does not qualify as a crime of violence. The Government responded, in writing and on the record, with argument in support of the enhancement and crime of violence designation.

In 1990, Defendant was found guilty of Assault II by a jury in Oregon, and sentenced to seventeen months imprisonment and thirty-six months supervision. The statute of conviction outlines the three forms of second-degree assault in Oregon:

> (1) A person commits the crime of assault in the second degree if the person:
>
>     (a)    Intentionally or knowingly causes serious physical injury to another;
>
>     (b)    Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon;
>
>     (c)    Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life.
>
> (2) Assault in the second degree is a Class B felony.

OR. REV. STAT. § 163.175.

The charging document from Oregon stated that Defendant "did unlawfully, intentionally and knowingly cause physical injury to Roosevelt Sargent, Jr. by means of a dangerous weapon, to wit: a knife, by stabbing Roosevelt Sargent, Jr. . . . ." Indictment 1.

## II. LEGAL STANDARD

United States Sentencing Guidelines § 2L1.2(b)(1)(A) states that where a defendant previously was deported, or unlawfully remained in the United States after a conviction for a

2

felony[1] that is a crime of violence, the offense level increases by sixteen. The Commentary to the Guidelines defines a crime of violence in the following way:

> [A]ny of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, *aggravated assault*, forcible sex offenses . . . , statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or *any other offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another*.

U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.1(B)(iii) (emphasis added).

Defendant argued that his Oregon Assault II felony conviction does not fall within either of the two prongs of the definition of crime of violence. That is, he claimed the assault conviction (1) is not a specifically-listed (or enumerated) offense; and (2) does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.1(B)(iii). The Government argued in response that the Oregon conviction qualifies as an enumerated offense, that of aggravated assault.

To determine whether a prior conviction qualifies as a conviction for one of the listed offenses, the Fifth Circuit follows the "common sense" approach, wherein a district court gives the enumerated offense its "generic, contemporary meaning." *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412 (5th Cir. 2006); *United States v. Dominguez-Ochoa*, 386 F.3d 639, 642-43 (5th Cir. 2004). The Fifth Circuit has instructed district courts to turn to certain "favored" sources, such as the Model Penal Code (MPC) and LaFave's *Substantive Criminal Law*, to

---

[1] Felony means any federal, state, or local offense punishable by imprisonment for a term exceeding one year. U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.2. Defendant does not dispute that he was convicted of a felony under the definition in the Guidelines.

3

ascertain the generic meaning of the offense. *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 379 (5th Cir. 2006). The statute of conviction at issue can then be compared with the contemporary and generic elements of the enumerated offense in order to determine if the offense at issue and the generic offense are sufficiently equivalent. *Id.*

Of particular relevance in the instant case, if there are disjunctive elements in the statute of conviction, the Court may look at certain records, such as the charging document, to ascertain which part of the statute formed the basis for the charge and conviction. *See United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008).

### III. ANALYSIS

In the instant case, the Court must compare the statute of conviction with the generic, contemporary meaning of "aggravated assault." The MPC defines aggravated assault in this way:

> A person is guilty of aggravated assault if he
> (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or
> (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon.

MODEL PENAL CODE § 211.1(2).

Defendant was convicted of Assault II under Oregon law, which has disjunctive elements. Turning to the charging document,[2] the Court can ascertain that Defendant was convicted under subsection (b), which involves "intentionally or knowingly" causing "physical injury to another

---

[2] The Court examines the charging document only for the limited purpose of determining the subsection of the statute that formed the basis of the charge and conviction, and not for the particular facts of the assault. The Court notes in particular that the charging document makes reference to the mental state of intentionally and knowingly, the causing of physical injury, and the use of a dangerous weapon.

by means of a deadly or dangerous weapon." OR. REV. STAT. § 163.175. This subsection of the statute of conviction closely resembles subsection (b) of the MPC definition of aggravated assault. Some differences between the language should be mentioned:

(1)   The MPC provides for attempt, and the Oregon statute does not;

(2)   The MPC uses the word "purposely" and the Oregon statute uses "intentionally;"

(3)   The MPC uses the phrase "bodily injury" and the Oregon statute uses "physical injury;"

(4)   The MPC refers to a "deadly weapon" and the Oregon statute refers to a "deadly *or dangerous* weapon" (emphasis added).

Of these four differences, the Court finds the only one that merits scrutiny is the fourth, which refers to the kind of weapon employed.[3]

The MPC defines "deadly weapon" as "any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury." MODEL PENAL CODE § 210.0(4). Under Oregon law, "dangerous weapon" means "any weapon, device, instrument, material or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury." OR. REV. STAT. § 161.015(1). In Oregon, a "deadly weapon" includes "any instrument, article or substance specifically designed for and presently capable of causing death or serious physical

---

[3] The first difference is not significant because the exclusion of attempt in the Oregon statute means that the MPC definition of aggravated assault is *broader* than the Oregon definition. The second and third are differences in language that do not represent significant diversions in meaning.

injury. OR. REV. STAT. § 161.015(2).

Oregon's definition of "dangerous weapon" tracks the MPC definition of "deadly weapon." There are subtle differences in the definitions that one could point to, but the Court finds that they are substantively equivalent. Furthermore, "'the fit between the enumerated offense of aggravated assault and the ordinary, contemporary, and common meaning of aggravated assault may not be precise in each and every way,' but 'sufficient equivalence' will still exist if the differences are slight." *United States v. Ellis-Garcia*, No. 08-40519, 2009 WL 4885128 at *3 (5th Cir. Dec. 15, 2009) (quoting *United States v. Rojas-Gutierrez*, 510 F.3d 545, 549 (5th Cir. 2007)).

Professor LaFave's treatise, another preferred source in the Fifth Circuit, lends further support. The treatise states that the aggravating factor in the offense of aggravated assault is often "the means used to commit the battery, such as by any weapon, or much more commonly, by what is variously called a 'deadly weapon,' 'dangerous weapon,' . . . ." WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 16.2(d) (2d ed. 2003). Oregon's definition of "dangerous weapon" is certainly narrower than the phrase "any weapon" used in Professor LaFave's treatise, thus confirming that the Oregon statute meets the common or contemporary definition of aggravated assault.[4]

---

[4] Because Defendant's conviction is a crime of violence by virtue of its close similarity to the enumerated offense of "aggravated assault," the Court need not examine the second prong of the definition related to the use of force. However, the Court finds in the alternative that Assault II has as an element the use, attempted use, or threatened use of physical force. In the Fifth Circuit, district courts use the "categorical approach" to determine whether a prior offense is a crime of violence because it has as an element the use, attempted use, or threatened use of force. *United States v. Gonzalez-Chavez*, 432 F.3d 334, 337 (5th Cir. 2005). Oregon case law indicates that the term "physical injury," as used in defining all the different degrees of assault in Oregon, "recognizes that the cause of such an injury is some form of external violence that produces a

## VI. CONCLUSION

Because the subsection of Oregon Assault II under which Defendant was convicted closely parallels the enumerated offense of aggravated assault, the Assault II conviction qualifies as a crime of violence meriting a sixteen-level enhancement.

SIGNED this 11th day of May, 2010.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

harmful effect upon the body." *State v. Capwell*, 627 P.2d 905, 907 n.3 (Or. App. 1981). Assault with a deadly or dangerous weapon producing physical injury therefore involves the use of force. *See United States v. Espinoza-Garcia*, 86 F. App'x 350, 352 (9th Cir. 2004) (finding that Oregon assault in the *third* degree has as an element the use, attempted use, or threatened use of physical force).